IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JACKIE CARTER,

                Petitioner,                  ORDER

   v.                                         07-cv-713-bbc

MATHEW FRANKS, D.O.C. Secretary,
WILLIAM I. POLLARD, Warden, PETER
I. ERICKSEN, Security Director, LT. MARK W.
LESATZ, Property Supervisor, LT. CATHARINE
CAFE, Hearing Officer, KEVIN R. POSTL,
Property and Mail Sergeant, TIMOTHY HUCK,
Mail and Property Sergeant, WILLIAM
SWIEKATOWSKI, Segregation P.A. Program
Supervisor, MARK STOTLEEN, Hearing Officer,
DONNA LIEBERGEN, Complaint Examiner,
MICHAEL MOHR, Complaint Examiner,
KATHLEEN BIERKE, Complaint Examiner,
MICHAEL BAENEN, Deputy Warden, RICK
RAEMISCH, Complaint Examiner, JOHN RAY,
Complaint Examiner, SARA COOPER, Unit
Manager (of Segregation Unit), C.O.
BUTTERFIELD, C.O. LISCHBA, C.O. KELM,
C.O. BOBOLZ, C.O. POTTS, SGT. KAPHINGST,
SGT. MS. LAMBRECHT-STEVENS, C.O. TILOT,
C.O. KLARKOWSKI, KATHY LEMENS, Nurse,
JEANNANNE GREENWOOD, Health Service
Manager, CAPT. JEFFREY STELLINGS, Hearing
Officer, JACK DORUFF, Educational Director,
MARK KULIEKE, Librarian, JUDY DINSE,
Secretary, MS LAGARE, Psychologist, MR.
SCHMIDT, Psychiatrist, RICHARD HEIDORN,



M.D./Physician, JODENE PERTTU, JEAN LUTSEY,
Segregation Nurse, JAMIE WERTEL, Medical
Program Assistant (M.P.A.), ROBERT MCQUEENY,
Psychiatrist, JAMES RICHTER, Psychiatrist, JAMES
GREER, Bureau of Health Services Director, CYNTHIA
THORPE, Bureau of Health Services (Nurse Coordinator),
C.O. CARRIERE, (Segregation Sergeant), C.O.
PETERSON, DIANE LONGSINE, MARILYN
VANDUKENTER, Nurse, MARK S. ZEMONICK,
Segregation Social Worker, JODY PORTER,
Segregation PA, C.O. LADE, C.O. COOPMAN,
NURSE DANA TOWNSEND, GREGORY
GRAMS, Warden, PHIL KINGSTON, Warden
and MARC CLEMENTS, Security Director,

       Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Petitioner Jackie Carter is a prisoner at the Green Bay Correctional Institution in Green Bay, Wisconsin. He has submitted a proposed complaint and requests leave to proceed in forma pauperis under 28 U.S.C. § 1915. Petitioner has made an initial partial payment of the filing fee in the amount of $14.73 as required under § 1915(b)(1). Now, however, I must dismiss petitioner's complaint because it violates Fed. R. Civ. P. 8.

  Rule 8 requires that a complaint 1) set forth a "short and plain statement of the grounds for the court's jurisdiction . . . .; 2) a short and plain statement of the claim showing that the pleader is entitled to relief; and 3) a demand for the relief sought . . . ." Pursuant to Rule 8(d), "each allegation must be simple, concise and direct."

  On its face, the complaint appears to be a document of manageable proportions.

However, between the date petitioner commenced this lawsuit on December 20, 2007, and the date the court received his initial partial payment on February 20, 2008, the court has amassed an extraordinary amount of filings from petitioner that appear to be supplements to his complaint. In just two months petitioner has submitted approximately 4 1/2 linear feet of filings to the court. In addition to two boxes of exhibits petitioner submitted with his complaint, he has barraged the court with a rambling assortment of letters and motions consisting of approximately 933 pages. This is unacceptable.

Ordinarily, a complaint should not be accompanied by evidentiary materials that may be useful to prove the claims raised in the complaint, particularly where, as here, petitioner is relying on the materials to supply the only details relating to his claims. The submission of evidentiary materials is proper in support of motions for a preliminary injunction or summary judgment, or at trial. Petitioner's attempts to incorporate the additional exhibits he has submitted into the complaint are contrary to the dictates of Rule 8. "The primary purpose of [Rule 8] is rooted in fair notice: a complaint 'must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.'" Vicom, Inc. v. Harbridge Merchant Servs., Inc., 20 F.3d 771, 775 (7th Cir. 1994) (119-page, 385-paragraph complaint "violated the letter and spirit of Rule 8(a).") In addition, courts faced with hopelessly verbose complaints must consider the "right of . . . defendants to be free from . . . costly and harassing litigation." Vicom, 20 F.3d at 776 (quoting Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 675 (9th Cir. 1981)).

Forcing defendants to answer this monster of a pleading may well rise to the level of harassment. It would certainly lead to hopeless confusion.

Aside from the sheer volume of the complaint, there are additional problems with petitioner's pleading. First, petitioner has named 53 separate respondents without specifying what it is each is alleged to have done to violate his constitutional rights. Instead, petitioner's allegations hint at a vast conspiracy covering an unknown period of time perpetrated by his "abusers" and their "close friends and family members in every dep[artmen]t." This violate's Rule 8's notice pleading requirements. A petitioner must allege sufficient facts to put each respondent on notice of the wrongdoing with which he is being charged so that he can file an answer. Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002)

A related problem concerns the lack of a credible connection between the 53 respondents and the high number and variety of incidents of constitutional wrongdoings alleged in the complaint. Recently, the court of appeals held in George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007), that prisoners may not "dodge" the fee payment or three strikes provisions in the 1996 Prisoner Litigation Reform Act by filing unrelated claims against different defendants in one lawsuit. Instead, multiple claims of wrongdoing in a single lawsuit are proper only if they are asserted against the same respondents, Fed. R. Civ. P. 18, or if the allegations "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the

action." Fed. R. Civ. P. 20.

I am unwilling to consider petitioner's bald assertion of a conspiracy sufficient to transform his lengthy list of wrongdoings into a "series of transactions" sufficient to satisfy Rule 20. To state a claim for conspiracy under § 1983, a petitioner must identify the parties to the conspiracy, the approximate date of the conspiracy and its purpose. Walker v. Thompson, 288 F.3d at 1007 (7th Cir. 2002). Although a petitioner need not allege the specific dates on which each member joined the conspiracy, Loubser v. Thacker, No. 05-3058, 2006 WL 549011, at *3 (7th Cir. Mar. 8, 2006), the crux of a civil conspiracy claim is the existence of an agreement among state officials to inflict a particular injury. Hernandez v. Joliet Police Dept., 197 F.3d 256, 263 (7th Cir. 1999).

Petitioner's allegations have a paranoid quality that make them impossible to accept as true. It is not credible that 53 separate employees of the Wisconsin Department of Corrections, including the Secretary of the department, two different wardens and security officers, property sergeants, mail room sergeants, complaint examiners, hearing officers, nurses, doctors, librarians, psychiatrists, unit managers and an educational director, plotted together to violate petitioner's constitutional rights. Indeed, the sheer number of incidents making up the alleged conspiratorial acts ("abuse in every way," denial of soap, food and medical attention, attacks, separation from inmates helping him with his legal endeavors, harassment, issuance of unwarranted conduct reports, threats, placement in "the hole," exposure to extreme temperatures, interference with mail, and rejection or denial of inmate

complaints) suggests that petitioner is a person who ascribes conspiratorial motives to every individual who does or says something with which he disagrees. A suit stuffed with allegations of a conspiracy of this breadth without some hint of petitioner's basis for believing that a genuine conspiracy exists will not suffice to satisfy the requirements of Rule 20.

Because petitioner's complaint is in violation of Rule 8 and appears likely to violate Rule 20 as well, I must dismiss it. However, I will allow petitioner an opportunity to amend his complaint to fix the problems I have addressed. If petitioner submits a proposed amended complaint that complies with Rules 8 and 20, I will take it under advisement for screening pursuant to 28 U.S.C. § 1915(e)(2). However, if he fails to conform his complaint to Rules 8 and 20, I will dismiss this case on the court's own motion.

Two final matters require comment. First, on January 23, 2008, petitioner submitted correspondence asking the court to allow him to "add more defendants" (dkt. #6). I construe his request to be a motion to amend the complaint to enlarge it further and I will deny this motion for the reasons stated above.

Second, I am returning to petitioner the two boxes of evidentiary materials he submitted with his complaint so that he may use these documents later in the case, if indeed they are relevant to his claims. The usual practice of the court is not to return documents or exhibits until a case is closed and any appeals that have been filed are completed. However, I will make an exception to this practice in this one instance because the space required to

house these documents is simply not available.

ORDER

IT IS ORDERED that

1. Petitioner's complaint is DISMISSED because it is in violation of Fed. R. Civ. P. 8 and 20. Petitioner may have until March 31, 2008, in which to submit a proposed amended complaint that complies with these rules. If, by March 31, 2008, petitioner fails to file the required amended complaint or show cause for his failure to do so, then this case will be dismissed without prejudice for petitioner's failure to prosecute.

2. Petitioner's motion to add defendants (dkt. #6) is DENIED.

3. The clerk of court is directed to return to petitioner the two boxes of exhibits he submitted with his complaint.

Entered this 12th day of March, 2008.

BY THE COURT:

/s/ Barbara B. Crabb
BARBARA B. CRABB
District Judge