IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JACKIE CARTER,

                    Petitioner,                                  ORDER

     v.                                                         07-cv-713-bbc

MATHEW FRANKS, D.O.C. Secretary,
WILLIAM I. POLLARD, Warden, PETER
I. ERICKSEN, Security Director, LT. MARK W.
LESATZ, Property Supervisor, LT. CATHARINE
CAFE, Hearing Officer, KEVIN R. POSTL,
Property and Mail Sergeant, TIMOTHY HUCK,
Mail and Property Sergeant, WILLIAM
SWIEKATOWSKI, Segregation P.A. Program
Supervisor, MARK STOTLEEN, Hearing Officer,
DONNA LIEBERGEN, Complaint Examiner,
MICHAEL MOHR, Complaint Examiner,
KATHLEEN BIERKE, Complaint Examiner,
MICHAEL BAENEN, Deputy Warden, RICK
RAEMISCH, Complaint Examiner, JOHN RAY,
Complaint Examiner, SARA COOPER, Unit
Manager (of Segregation Unit), C.O.
BUTTERFIELD, C.O. LISCHBA, C.O. KELM,
C.O. BOBOLZ, C.O. POTTS, SGT. KAPHINGST,
SGT. MS. LAMBRECHT-STEVENS, C.O. TILOT,
C.O. KLARKOWSKI, KATHY LEMENS, Nurse,
JEANNANNE GREENWOOD, Health Service
Manager, CAPT. JEFFREY STELLINGS, Hearing
Officer, JACK DORUFF, Educational Director,
MARK KULIEKE, Librarian, JUDY DINSE,
Secretary, MS LAGARE, Psychologist, MR.
SCHMIDT, Psychiatrist, RICHARD HEIDORN,

M.D./Physician, JODENE PERTTU, JEAN LUTSEY,
Segregation Nurse, JAMIE WERTEL, Medical
Program Assistant (M.P.A.), ROBERT MCQUEENY,
Psychiatrist, JAMES RICHTER, Psychiatrist, JAMES
GREER, Bureau of Health Services Director, CYNTHIA
THORPE, Bureau of Health Services (Nurse Coordinator),
C.O. CARRIERE, (Segregation Sergeant), C.O.
PETERSON, DIANE LONGSINE, MARILYN
VANDUKENTER, Nurse, MARK S. ZEMONICK,
Segregation Social Worker, JODY PORTER,
Segregation PA, C.O. LADE, C.O. COOPMAN,
NURSE DANA TOWNSEND, GREGORY
GRAMS, Warden, PHIL KINGSTON, Warden
and MARC CLEMENTS, Security Director,

>                    Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order dated March 12, 2008, I dismissed petitioner Jackie Carter's complaint in this case because it violated Fed. R. Civ. P. 8 and appeared certain to violate Fed. R. Civ. P. 20 as well. I told petitioner that he could have until March 31, 2008, in which to submit a proposed amended complaint that complies with these rules, and that if he failed to do so, I would dismiss his case for his failure to prosecute. In the same order, I directed the clerk of court to return to petitioner the two cardboard boxes of supplemental materials he had filed with his complaint. Now petitioner has written a letter dated March 13, 2008, in which he asks for an enlargement of time in which to submit a proposed amended complaint. In addition, he asks that the court refrain from returning his boxes to him, because the volume of materials contained in the boxes will exceed the amount of paper he is permitted

to have. He notes that he does not have the money to send the boxes somewhere else and that if he cannot mail them elsewhere, they will be confiscated and destroyed as contraband.

Petitioner's motion for an enlargement of time to amend his complaint will be granted. Petitioner says he does not know how to conform his complaint to Rules 8 and 20 and will have to seek guidance on the matter. In the same motion, petitioner asks whether he has to replace his complaint or whether he can cure the defects by just "adding" to it.

It seems clear that petitioner is missing the point of Rule 8. As I told him in the March 12 order, Rule 8 requires a complaint to be *short* and *plain*. His present complaint is anything but that. No respondent or court should have to wade through four and a half linear feet of paper containing rambling allegations of wrongdoing in an attempt to discern what petitioner's claims are and to whom they are directed. His complaint must be short and to the point. It must relay quickly and succinctly what each respondent did, when the respondent did it, and what injury petitioner suffered as a result of the deed.

Petitioner also suggests he does not understand Rule 20. He is not expected to understand it precisely. However, the general idea is if a claim against a particular respondent concerns a matter unrelated to his claim against a different respondent, the two claims do not belong in the same lawsuit. They must be presented to the court in separate lawsuits.

Because petitioner believes he will be able to fashion a proposed complaint that complies with Rules 8 and 20 if he has more time to work on it, I will grant his request for

an extension of time in which to submit a proposed amended complaint.

Petitioner's motion for reconsideration of the decision to return his box loads of papers to him will be denied in part. The court cannot serve as a repository for a potential litigant's collection of materials relating to his claims. There is simply not enough space to accommodate such requests. In this case, petitioner's boxes weigh approximately 70 pounds each. I am willing to mail them once to the location of petitioner's choice. If petitioner believes the papers will be destroyed if they are returned to him at the Green Bay Correctional Institution, then he must advise the court promptly where he would like them sent. If he does not provide the name and address of someone who might be willing to accept the boxes and store them for petitioner, they will be returned to petitioner to be handled in accordance with prison policy.

ORDER

IT IS ORDERED that

1. Petitioner Jackie Carter's request for an enlargement of time in which to submit a proposed amended complaint in this case that complies with Fed. R. Civ. P. 8 and 20 is GRANTED. Petitioner may have until April 30, 2008, in which to submit such an amended complaint. If, by April 30, 2008, petitioner fails to filed the required amended complaint, I will dismiss this case without prejudice for petitioner's failure to prosecute.

2. Petitioner's motion for reconsideration of the directive that the clerk of court

return petitioner's boxes of materials to him is GRANTED in part. Petitioner may have until March 28, 2008, in which to advise the court of the name and address of a person to whom he wishes the boxes shipped. If, by March 28, 2008, he fails to provide an alternate address, I will return the boxes to him as previously indicated.

Entered this 19th day of March, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge