IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JACKIE CARTER

                Petitioner,                      MEMORANDUM

    v.                                          07-cv-713-bbc

MATHEW FRANKS, D.O.C. Secretary,
WILLIAM I. POLLARD, Warden, PETER
I. ERICKSEN, Security Director, LT. MARK W.
LESATZ, Property Supervisor, LT. CATHARINE
CAFE, Hearing Officer, KEVIN R. POSTL,
Property and Mail Sergeant, TIMOTHY HUCK,
Mail and Property Sergeant, WILLIAM
SWIEKATOWSKI, Segregation P.A. Program
Supervisor, MARK STOTLEEN, Hearing Officer,
DONNA LIEBERGEN, Complaint Examiner,
MICHAEL MOHR, Complaint Examiner,
KATHLEEN BIERKE, Complaint Examiner,
MICHAEL BAENEN, Deputy Warden, RICK
RAEMISCH, Complaint Examiner, JOHN RAY,
Complaint Examiner, SARA COOPER, Unit
Manager (of Segregation Unit), C.O.
BUTTERFIELD, C.O. LISCHBA, C.O. KELM,
C.O. BOBOLZ, C.O. POTTS, SGT. KAPHINGST,
SGT. MS. LAMBRECHT-STEVENS, C.O. TILOT,
C.O. KLARKOWSKI, KATHY LEMENS, Nurse,
JEANNANNE GREENWOOD, Health Service
Manager, CAPT. JEFFREY STELLINGS, Hearing
Officer, JACK DORUFF, Educational Director,
MARK KULIEKE, Librarian, JUDY DINSE,
Secretary, MS LAGARE, Psychologist, MR.
SCHMIDT, Psychiatrist, RICHARD HEIDORN,

M.D./Physician, JODENE PERTTU, JEAN LUTSEY,
Segregation Nurse, JAMIE WERTEL, Medical
Program Assistant (M.P.A.), ROBERT MCQUEENY,
Psychiatrist, JAMES RICHTER, Psychiatrist, JAMES
GREER, Bureau of Health Services Director, CYNTHIA
THORPE, Bureau of Health Services (Nurse Coordinator),
C.O. CARRIERE, (Segregation Sergeant), C.O.
PETERSON, DIANE LONGSINE, MARILYN
VANDUKENTER, Nurse, MARK S. ZEMONICK,
Segregation Social Worker, JODY PORTER,
Segregation PA, C.O. LADE, C.O. COOPMAN,
NURSE DANA TOWNSEND, GREGORY
GRAMS, Warden, PHIL KINGSTON, Warden
and MARC CLEMENTS, Security Director,

                       Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order dated March 19, 2008, I granted petitioner Jackie Carter an extension of time until April 30, 2008, in which to submit a proposed amended complaint that complies with Fed. R. Civ. P. 8 and 20. Since I entered the March 19 order, petitioner has written two letters received by the court on March 26, 2008 and March 28, 2008, asking for guidance in drafting his proposed amended complaint. This memorandum will address his concerns.

In his current letters, petitioner says he does not know how to conform his complaint to Rules 8 and 20. With regard to Rule 8, petitioner says that he does not understand how to shorten his complaint "without taking out valuable information," even though his original "complaint" consisted of four and a half linear feet of paper. With regard to Rule

20, petitioner inquires as to how he can separate his claims when everything that has happened to him is related. Although I have explained Rules 8 and 20 to petitioner in depth in previous orders, I have no reason to doubt that he is trying his best to understand the court's rulings and fashion a complaint that is in compliance with the Federal Rules of Civil Procedure, as he has stated in his recent correspondence. However, petitioner should be aware that the April 30 deadline for him to file a proposed amended complaint will not be extended further. This case has been open since December 20, 2007 and there is not yet an operative pleading in the case. The court can accept no further delay.

As I told petitioner in the March 19 order, Rule 8 requires a complaint to be *short* and *plain*. In his March 28 letter, petitioner says that he "thought that it was the right thing to do to send the courts material of every sort to prove what [he was] saying." On the contrary, petitioner is not expected to prove the allegations in his complaint at the pleading stage. His complaint should say no more than is necessary to put the respondents on notice of his charges of wrongdoing so that each one can understand the gist of what he or she allegedly did and defend against the claim. When petitioner rewrites his complaint, he should omit any legal argument or documentation that attempts to *prove* his claims. He need only submit a short and concise statement of his claims.

It may help petitioner in the drafting process to treat his amended complaint as if he were telling a story to people who know nothing about his situation. Someone reading the complaint should be able to answer the following questions:

- What are the facts that form the basis for petitioner's claims?

- What did each respondent do that makes them liable for violating petitioner's rights?

- How was petitioner injured by a particular respondent's conduct?

If petitioner follows these guidelines, he should be able to submit a version of his complaint that is significantly pared down.

With regard to petitioner's concerns about Rule 20, he should be aware that he is not expected to understand it precisely. However, the general idea is if a claim against a particular respondent concerns a matter unrelated to his claim against a different respondent, the two claims do not belong in the same lawsuit. If petitioner submits a proposed amended complaint that is in violation of Rule 20, the court can inform petitioner which claims, if any, belong in separate lawsuits. However, the court cannot make this determination until petitioner submits a complaint that complies with Rule 8. Petitioner's proposed amended complaint remains due on April 30.

Entered this 2nd day of April, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge