IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JACKIE CARTER,

                Petitioner,                        ORDER

      v.                                        07-cv-713-bbc

MATHEW FRANKS, D.O.C. Secretary,
WILLIAM I. POLLARD, Warden, PETER
I. ERICKSEN, Security Director, LT. MARK W.
LESATZ, Property Supervisor, LT. CATHARINE
CAFE, Hearing Officer, KEVIN R. POSTL,
Property and Mail Sergeant, TIMOTHY HUCK,
Mail and Property Sergeant, WILLIAM
SWIEKATOWSKI, Segregation P.A. Program
Supervisor, MARK STOTLEEN, Hearing Officer,
DONNA LIEBERGEN, Complaint Examiner,
MICHAEL MOHR, Complaint Examiner,
KATHLEEN BIERKE, Complaint Examiner,
MICHAEL BAENEN, Deputy Warden, RICK
RAEMISCH, Complaint Examiner, JOHN RAY,
Complaint Examiner, SARA COOPER, Unit
Manager (of Segregation Unit), C.O.
BUTTERFIELD, C.O. LISCHBA, C.O. KELM,
C.O. BOBOLZ, C.O. POTTS, SGT. KAPHINGST,
SGT. MS. LAMBRECHT-STEVENS, C.O. TILOT,
C.O. KLARKOWSKI, KATHY LEMENS, Nurse,
JEANNANNE GREENWOOD, Health Service
Manager, CAPT. JEFFREY STELLINGS, Hearing
Officer, JACK DORUFF, Educational Director,
MARK KULIEKE, Librarian, JUDY DINSE,
Secretary, MS LAGARE, Psychologist, MR.
SCHMIDT, Psychiatrist, RICHARD HEIDORN,

M.D./Physician, JODENE PERTTU, JEAN LUTSEY,
Segregation Nurse, JAMIE WERTEL, Medical
Program Assistant (M.P.A.), ROBERT MCQUEENY,
Psychiatrist, JAMES RICHTER, Psychiatrist, JAMES
GREER, Bureau of Health Services Director, CYNTHIA
THORPE, Bureau of Health Services (Nurse Coordinator),
C.O. CARRIERE, (Segregation Sergeant), C.O.
PETERSON, DIANE LONGSINE, MARILYN
VANDUKENTER, Nurse, MARK S. ZEMONICK,
Segregation Social Worker, JODY PORTER,
Segregation PA, C.O. LADE, C.O. COOPMAN,
NURSE DANA TOWNSEND, GREGORY
GRAMS, Warden, PHIL KINGSTON, Warden
and MARC CLEMENTS, Security Director,

                      Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In an order entered in this case on March 12, 2008, I dismissed petitioner's original complaint because it violated Fed. R. Civ. P. 8 and 20 as submitted. I gave petitioner until April 30, 2008, in which to submit a proposed amended complaint that complies with these rules. Now petitioner has filed what appears to be an amended complaint. Although the document is considerably smaller than the four and a half linear feet of paper petitioner submitted as his original complaint, his amended complaint must be dismissed because it does not allege sufficient facts to put the respondents on notice of his claims as required by Rule 8.

       Petitioner has submitted his amended complaint in letter format without a caption. The document is two pages in length and contains broad statements referring to the

allegations in petitioner's original complaint that he is the subject of a vast conspiracy involving 53 employees of the Wisconsin Department of Corrections.  In the beginning of his purported amended complaint, petitioner says

> Each of the mentioned complaint examiners was informed of each attack all abuse along with every thing wrong that was done as mentioned in my original complaint and instead of helping, stopping and/or holding my abusers accountable for their criminal conduct/civil rights violations they chose to reject, dismiss, cover up and justify every act of c.r. violation by conspiring with their close friends and family members as report in original complaint. Each of the mentioned wardens are the overseer of every staff member in each prison and each complaint dept. at each of these prisons and even though I wrote each of them personally about every problem done not a thing about any of it other then conspired and participate in my demise as mentioned in my original complaint.

Petitioner goes on to include as responsible for the alleged conspiracy

> each lieutenant, captain and sergeant . . . . each assistant and/or deputy warden and mentioned security director . . . . each of said nurses, doctors, psychologist and psychiatrist . . . . each health service manager . . . . each of mentioned librarian and educational director . . . . bureau of health care director and nurse coordinator . . . . each mentioned social worker . . . . each unit manager . . . . [and] the DOC secretary.

As I told petitioner in the March 12 order, it is not enough that he assert that individuals are involved in a conspiracy against him.  He must explain what each respondent did, when the respondent did it, and what injury petitioner suffered as a result of the deed. Because petitioner has failed to provide the necessary information to satisfy the requirements of Rule 8, I must dismiss his amended complaint.  Petitioner should be aware that this will be the last time I will offer him an opportunity to fix his complaint so that it clearly and

concisely states his claims.  If plaintiff's second proposed amended complaint fails to comply with this order, I will dismiss his case in its entirety with prejudice.  Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998) (dismissal with prejudice justified if complaint remains incomprehensible after opportunity to amend).

## ORDER

IT IS ORDERED that petitioner's amended complaint is DISMISSED because it is in violation of Fed. R. Civ. P. 8.  Petitioner has until May 21, 2008, in which to submit a proposed second amended complaint that conforms to the requirements of Rule 8.  If, by May 21, 2008, petitioner fails to file a second amended complaint that may be accepted as the operative pleading in this case, I will dismiss this case in its entirety with prejudice.

Entered this 30th day of April, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge