IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JACKIE CARTER,

       Petitioner,           ORDER

   v.                  07-cv-713-bbc

MATHEW FRANKS, D.O.C. Secretary,
WILLIAM I. POLLARD, Warden, PETER
I. ERICKSEN, Security Director, LT. MARK W.
LESATZ, Property Supervisor, LT. CATHARINE
CAFÉ, Hearing Officer, KEVIN R. POSTL,
Property and Mail Sergeant, TIMOTHY HUCK,
Mail and Property Sergeant, WILLIAM
SWIEKATOWSKI, Segregation P.A. Program
Supervisor, MARK STOTLEEN, Hearing Officer,
DONNA LIEBERGEN, Complaint Examiner,
MICHAEL MOHR, Complaint Examiner,
KATHLEEN BIERKE, Complaint Examiner,
MICHAEL BAENEN, Deputy Warden, RICK
RAEMISCH, Complaint Examiner, JOHN RAY,
Complaint Examiner, SARA COOPER, Unit
Manager (of Segregation Unit), C.O.
BUTTERFIELD, C.O. LISCHBA, C.O. KELM,
C.O. BOBOLZ, C.O. POTTS, SGT. KAPHINGST,
SGT. MS. LAMBRECHT-STEVENS, C.O. TILOT,
C.O. KLARKOWSKI, KATHY LEMENS, Nurse,
JEANNANNE GREENWOOD, Health Service
Manager, CAPT. JEFFREY STELLINGS, Hearing
Officer, JACK DORUFF, Educational Director,
MARK KULIEKE, Librarian, JUDY DINSE,
Secretary, MS LAGARE, Psychologist, MR.
SCHMIDT, Psychiatrist, RICHARD HEIDORN,

M.D./Physician, JODENE PERTTU, JEAN LUTSEY,
Segregation Nurse, JAMIE WERTEL, Medical
Program Assistant (M.P.A.), ROBERT MCQUEENY,
Psychiatrist, JAMES RICHTER, Psychiatrist, JAMES
GREER, Bureau of Health Services Director, CYNTHIA
THORPE, Bureau of Health Services (Nurse Coordinator),
C.O. CARRIERE, (Segregation Sergeant), C.O.
PETERSON, DIANE LONGSINE, MARILYN
VANDUKENTER, Nurse, MARK S. ZEMONICK,
Segregation Social Worker, JODY PORTER,
Segregation PA, C.O. LADE, C.O. COOPMAN,
NURSE DANA TOWNSEND, GREGORY
GRAMS, Warden, PHIL KINGSTON, Warden
and MARC CLEMENTS, Security Director,

                      Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      After petitioner failed repeatedly to bring his complaint into compliance with Fed. R. Civ. P. 8, I dismissed this action with prejudice on June 5, 2008.  A judgment of dismissal was entered on June 9, 2008.  Since that time, plaintiff has filed a number of letters asking how he might go about taking an appeal.  He has been directed to the Federal Rules of Appellate Procedure and provided forms for an affidavit of indigency.  Nevertheless, he has been no better at following the direction he has been given regarding the filing of appeals than he was at heeding the direction he was provided for filing a viable complaint.  On July 22, 2008, petitioner filed a letter similar to the others, primarily complaining that prison officials are interfering with his ability to use the law library to look at the rules governing appeals and asking for help. Unlike his other letters, however, this one is accompanied by

a trust fund account statement for the period beginning January 1, 2008 and ending July 8, 2008.

Because petitioner's July 22 letter leaves no doubt that petitioner wishes to take an appeal from the June 9 judgment of dismissal, I am construing the letter as including a notice of appeal. In addition, because the notice is accompanied by a trust fund account statement as required by 28 U.S.C. § 1915(a)(2), I construe petitioner's notice of appeal to include a motion for leave to proceed on appeal in forma pauperis.

In determining whether petitioner may appeal in forma pauperis, I must consider whether he has three strikes against him under 28 U.S.C. § 1915(g) and, if not, whether he is indigent and whether his appeal is taken in good faith. Petitioner does not have three strikes and his trust fund account statement shows that he is indigent. Nevertheless, petitioner cannot proceed in forma pauperis on appeal because I must certify that his appeal is not taken in good faith.

I presume petitioner intends to challenge on appeal this court's decision to dismiss his case with prejudice for his repeated inability to comply with Fed. R. Civ. P. 8. As I told petitioner in the dismissal order, the authority to take such action is recognized by the Court of Appeals for the Seventh Circuit in Vicom, Inc. v. Harbridge Merchant Servs., Inc., 20 F.3d 771, 775-76 (7th Cir. 1994). Petitioner does not argue that this court erred in concluding that his massive, rambling and disjointed complaints violated Rule 8, or that there is legal precedent suggesting he should be allowed to go on and on and on in his

attempts to present a complaint satisfying the Rule.  He appears to want nothing more than to continue his ramblings in the court of appeals.  That kind of use of the court of appeals is not proper.  Therefore, I certify that petitioner's appeal is not taken in good faith.

Because I am certifying petitioner's appeal as not having been taken in good faith, petitioner cannot proceed with his appeal without prepaying the $455 filing fee unless the court of appeals gives him permission to do so.  Pursuant to Fed. R. App. P. 24, petitioner has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of his request for leave to proceed in forma pauperis on appeal.  His motion must be accompanied by an affidavit as described in the first paragraph of Fed. R. App. P. 24(a) and a copy of this order.  Petitioner should be aware that if the court of appeals agrees with this court that the appeal is not taken in good faith, it will send him an order requiring him to pay all of the filing fee by a set deadline.  If petitioner fails to pay the fee within the deadline set, the court of appeals ordinarily will dismiss the appeal and order this court to arrange for collection of the fee from petitioner's prison account.

ORDER

IT IS ORDERED that petitioner's letter and exhibits filed on July 22, 2008 (Dkt. #42) is construed to include a notice of appeal and a request for leave to proceed in forma pauperis on appeal.  The request for leave to proceed in forma pauperis on appeal is

DENIED.  I certify that petitioner's appeal is not taken in good faith.

Entered this 30th day of July, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge