IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JACKIE CARTER,

                  Plaintiff,                              ORDER

       v.                                             07-cv-713-bbc

MATHEW FRANKS, D.O.C. Secretary,
WILLIAM I. POLLARD, Warden, PETER
I. ERICKSEN, Security Director, LT. MARK W.
LESATZ, Property Supervisor, LT. CATHARINE
CAFÉ, Hearing Officer, KEVIN R. POSTL,
Property and Mail Sergeant, TIMOTHY HUCK,
Mail and Property Sergeant, WILLIAM
SWIEKATOWSKI, Segregation P.A. Program
Supervisor, MARK STOTLEEN, Hearing Officer,
DONNA LIEBERGEN, Complaint Examiner,
MICHAEL MOHR, Complaint Examiner,
KATHLEEN BIERKE, Complaint Examiner,
MICHAEL BAENEN, Deputy Warden, RICK
RAEMISCH, Complaint Examiner, JOHN RAY,
Complaint Examiner, SARA COOPER, Unit
Manager (of Segregation Unit), C.O.
BUTTERFIELD, C.O. LISCHBA, C.O. KELM,
C.O. BOBOLZ, C.O. POTTS, SGT. KAPHINGST,
SGT. MS. LAMBRECHT-STEVENS, C.O. TILOT,
C.O. KLARKOWSKI, KATHY LEMENS, Nurse,
JEANNANNE GREENWOOD, Health Service
Manager, CAPT. JEFFREY STELLINGS, Hearing
Officer, JACK DORUFF, Educational Director,
MARK KULIEKE, Librarian, JUDY DINSE,

1

Secretary, MS LAGARE, Psychologist, MR.
SCHMIDT, Psychiatrist, RICHARD HEIDORN,
M.D./Physician, JODENE PERTTU, JEAN LUTSEY,
Segregation Nurse, JAMIE WERTEL, Medical
Program Assistant (M.P.A.), ROBERT MCQUEENY,
Psychiatrist, JAMES RICHTER, Psychiatrist, JAMES
GREER, Bureau of Health Services Director, CYNTHIA
THORPE, Bureau of Health Services (Nurse Coordinator),
C.O. CARRIERE, (Segregation Sergeant), C.O.
PETERSON, DIANE LONGSINE, MARILYN
VANDUKENTER, Nurse, MARK S. ZEMONICK,
Segregation Social Worker, JODY PORTER,
Segregation PA, C.O. LADE, C.O. COOPMAN,
NURSE DANA TOWNSEND, GREGORY
GRAMS, Warden, PHIL KINGSTON, Warden
and MARC CLEMENTS, Security Director,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JACKIE CARTER,

                 ORDER

      Plaintiff,

                 09-cv-463-bbc

  v.

PETER HUIBREGTSE (Warden); MONICA
HORNER (Security Director); GARY BOUGHTON
(Assit. Warden); Ms. HOEM, Psychologist;
Ms. S. SHARPE, Psychologist; KEVIN KALLAS,
Psychiatrist; RUBIN ASH, Psychologist,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JACKIE CARTER,

                        Plaintiff,

     v.

PETER HUIBREGTSE; MONICA HORNER;
GARY BOUGHTON; JUDITH HUIBREGTSE;
Lt. HANFEILD; Lt. TOM; Capt. HOOPER;
C.O. JONES; C.O. LEFTER; C.O. MULLUSK;
C.O. COCKROFT; C.O. BELZ, SR.; Capt. MASON
and W.D.O.C. Secretary RICK REAMISCH,

                        Defendants.

                                      ORDER

                                      09-cv-464-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This order addresses three of plaintiff Jackie Carter's cases in this court. Case no. 07-cv-713-bbc has been closed for more than a year. In case nos. 09-cv-463-bbc and 09-cv-464-bbc, I dismissed plaintiff's original complaints because they violated Fed. R. Civ. P. 8 and asked plaintiff to submit new complaints that contained short and plain statements of his claims. Plaintiff has responded by filing proposed amended complaints in case nos. 09-cv-463-bbc and 09-cv-464-bbc as well as a motion in all three of the above-captioned cases requesting to use his release account to pay off his filing fees in these cases. I conclude that plaintiff cannot proceed with case nos. 09-cv-463-bbc and 09-cv-464-bbc because he is disqualified from proceeding <u>in</u> <u>forma</u> <u>pauperis</u> under 28 U.S.C. § 1915(g). Further, I will deny plaintiff's request to use his release account to pay off his filing fees in all three of these

3

cases.

DISCUSSION

1. Amended complaints in case nos. 09-cv-463-bbc and 09-cv-464-bbc

Section 1915(g) reads as follows:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, plaintiff was denied leave to proceed in forma pauperis in lawsuits that were legally frivolous. Carter v. Frank, 07-cv-713-bbc (W.D. Wis. June 4, 2008); Carter v. Raemisch, 09-cv-75-wcg (E.D. Wis. Mar. 3, 2009); and Carter v. Huibregtse, 09-427-bbc (W.D. Wis. Mar. 3, 2010). Therefore, plaintiff cannot proceed in either of these cases unless I find that the complaint alleges that he is in imminent danger of serious physical injury.

"The 'imminent danger' exception to § 1915(g)'s 'three strikes' rule is available 'for genuine emergencies,' where 'time is pressing' and 'a threat ... is real and proximate.'" Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003) (quoting Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002)). Allegations of past harm do not suffice; the harm must be

4

imminent or occurring at the time the court considers his request for leave to proceed in forma pauperis. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003).

Unfortunately for plaintiff, the allegations in his amended complaints in these actions concern his treatment at the Wisconsin Secure Program Facility, where he was incarcerated until August 2009. (He is now incarcerated at the Columbia Correctional Institution.) Because plaintiff no longer faces a genuine emergency in light of his transfer to the Columbia Correctional Institution, I cannot allow him to proceed in forma pauperis in these cases under the imminent danger exception to § 1915(g). His allegations in these case are of past harm only, for which he may recover money damages if he chooses to proceed.

Because plaintiff is disqualified from proceeding in forma pauperis under § 1915(g) in each case, he may choose to pursue these cases as a paying litigant. To do so, he must submit a check or money order made payable to the clerk of court for the remainder of the $350 filing fee he owes for each case he wishes to pursue. (Financial information submitted by plaintiff indicates that he owes $320.24 on case no. 09-cv-463-bbc and $321.67 on case no. 09-cv-464-bbc). Plaintiff must pay the remainder of his fees no later than April 1, 2010. If he does this, however, he should be aware that the court will be required to screen his complaints under 28 U.S.C. § 1915A, and dismiss either case if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

For any case in which plaintiff does not pay the remainder of the filing fee by April 1, 2010, I will conclude that he does not want to pursue that action. In that event, the clerk of court will close that file. However, even if that file is closed, plaintiff will still owe the remainder of the filing fee in each case and he must pay it as soon as he has the means to do so. Newlin v. Helman, 123 F.3d 429, 436-37 (7th Cir. 1997).

2. Request to use release account

In his motion, plaintiff says that he has more than $400 in his release account and would like to use it to pay off the remainder of his filing fees in each of the above-captioned cases. I will deny this motion because plaintiff cannot use his release account funds in the way that he requests. The language in 28 U.S.C. § 1915(b)(1) suggests that prison officials are required to use a prisoner's release account to satisfy an *initial partial payment* if no other funds are available. Carter v. Bennett, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005). However, with the exception of initial partial payments, this court does not have the authority to tell state officials whether and to what extent a prisoner should be able to withdraw money from his release account. Id. at 937. In order to pay his filing fees in these cases, plaintiff will have to use the funds in his trust account or obtain funds from an outside source.

ORDER

IT IS ORDERED that

1. Plaintiff Jackie Carter's requests for leave to proceed in forma pauperis in case nos. 09-cv-463-bbc and 09-cv-464-bbc are DENIED because he is ineligible for in forma pauperis status under 28 U.S.C. § 1915(g).

2. Plaintiff may have until April 1, 2010, in which to submit a check or money order made payable to the clerk of court for the remainder of the $350 filing fee for each of the cases he wishes to pursue. If, by April 1, 2010, plaintiff fails to pay the fee in any of these cases, the clerk of court is directed to close those files. However, even in that event, the clerk of court is to insure that plaintiff's obligation to pay the remainder of the filing fee in each case is reflected in this court's financial records.

3. Plaintiff's motion to use the funds in his release account to pay his filing fee in the three above-captioned cases is DENIED.

Entered this 11th day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge